Margaret A. Elder (SBN 177424)
Chandra Gehri Spencer (SBN 184010)
ELDER & SPENCER, LLP
17011 Beach Bd., Suite 900
Huntington Beach, CA 92647

Tel:  (213) 631-8331
Fax:  (888) 422-8027
E-mail: info@elderspencer.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ALVARADO, an individual; ALEYDA ROMAN, an individual; RUBY PEREZ, an individual; and FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, a California nonprofit corporation,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SUNNYVIEW VILLA, an unknown entity doing business in California;<br><br>　　　　Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF:**<br><br>1.　The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*.;<br>2.　California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq*.;<br>3.　Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200, *et seq*.; and<br>4.　Negligence |

## I.　INTRODUCTION

1.　This is an action for declaratory and injunctive relief and damages against SUNNYVIEW VILLA, an unknown business entity, for discrimination based on familial status in connection with the rental of residential property.  Defendant and its

employees and agents have engaged in a pattern or practice of conduct with the purpose and the effect of discriminating against families with minor children by, among other things, discriminating in the terms and privileges of a rental because of a person's familial status and otherwise making unavailable or denying a dwelling because of a person's familial status.  This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 *et seq*., and related state laws.

## II.   JURISDICTION AND VENUE

2.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA").  The state law claims form the same case and controversy as the federal law claims.  Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims.

3.    Defendants reside in this district and all events giving rise to this complaint occurred in this district.  Thus venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2).

4.    This Court has authority to grant declaratory and injunctive relief as well as actual and punitive damages pursuant to 42 U.S.C. § 3612(o)(3), and 42 U.S.C. § 3613(c)(1).  The Court also has the authority to award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

## III.   PARTIES

5.    At all times relevant herein Defendant Sunny Villa is and was and is the owner, developer, and manager of a multi-family residential property ("subject property") of more than 35 units, located at 2950 North Indian Canyon Road, Palm Springs, California.

6.    Plaintiff Patricia Alvarado was a tenant at the subject property from May 2013 to February 2014.  Ms. Alvarado resided at the subject property with her three minor children ages 9 years, 7 years and 5.

7. Plaintiff Aleyda Roman has resided at the subject property from 2010 to present. Ms. Roman presently resides at the property with her minor children ages 16 years, 14 years and 9 years.

8. Plaintiff Ruby Perez has resided at the subject property from 1996 to present. Ms. Perez presently resides at the property with her minor children ages 3 years, 12 years, as well as, her 18 year old child.

9. Plaintiff Fair Housing Council of Riverside County ("FHC") is a private non-profit organization organized under the laws of the State of California with its principal place of business at 3933 Mission Inn Avenue, Riverside, California 92501.

## IV. FACTUAL ALLEGATIONS

### A. Introduction

10. Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination based on familial status in the operation of the subject property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

11. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

   a. Imposing differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of familial status; and

   b. Otherwise making unavailable or denying a dwelling to any person because of familial status.

   c. Making, printing or publishing advertisement or statements that indicate a preference or designed to dissuade a potential renter based on familial status 42 U.S.C. § 3604(c).

12. Defendants have negligently failed to hire, train, supervise, and discipline its agents and employees, and itself, to conform its operation of the subject property to the standard of care for the multi-family residential housing industry.

13. Upon information and belief, Defendants continue to engage in rental practices that discriminate against, and provide differential treatment to, female tenants and families with children, so as to constitute a continuing violation of the federal Fair Housing Act, the State of California Fair Employment and Housing Act, the Unfair Business Practices Act, and the Unruh Civil Rights Act.

### C. Discrimination Based on Familial Status

14. In a document titled "ATTENTION ATTENTION EFFECTIVE IMMEDIATELY" Defendants published the following rule: "An Adult resident must be visible and physically present when a child or children (whether guest(s) visitor(s), or from the household) is playing on the property. This includes riding bikes, scooters, skate boards, roller skates, and use of the playground."

15. The notice further stated: "Any adult resident who fails to comply with this policy will be subject to immediate termination of their lease." Even though the discriminatory written rules impliedly permitted children to play outside Defendants repeatedly told Plaintiffs their children could not play outside and that they would have to go to the park down the street to be outside.

16. As a result of the property rules, Plaintiffs had to keep their children inside because they were not allowed to be outside. Plaintiffs complied because they feared being evicted. Notwithstanding Alvarado's compliance with the illegal restrictions Defendants still attempted to evict her on the basis of her familial status.

17. Plaintiffs suffered severe physical and emotional distress in the form of sleeplessness, headaches, depression, stress and fear as a result of the illegal restrictions placed upon them by Defendants.

### D. FHC's Standing

18. The FHC is a private non-profit organization that actively supports and promotes fair housing through education and advocacy. Its mission is to ensure that all persons have the opportunity to secure the housing they desire and can afford, without discrimination based on their race, color, religion, gender, sexual orientation, national

origin, familial status, marital status, disability, ancestry, age, source of income, or other characteristics protected by law. The FHC works to counteract and eliminate discriminatory housing practices. Among other things, the FHC's activities include: (1) outreaching to and educating the community regarding fair housing; (2) investigating allegations of discrimination; (3) conducting tests of housing facilities to determine whether freedom of residence and equal opportunity are provided; and (4) taking other necessary steps to ensure equal housing opportunities and eliminate discriminatory housing practices.

19. The FHC is contracted by the City of Riverside to comply with funding requirements for Community Development Block Grant funds the City receives through the United States Department of Housing and Urban Development. The CDBG contract requires the FHC to counteract and eliminate discriminatory housing practices through whatever means necessary as outlined in paragraph 19, above. These counteract activities include interviewing potential victims of discrimination, analyzing housing-related issues, conducting mediation, litigation or referral to administrative enforcement agencies, and disseminating information about fair housing laws. All activities must address housing discrimination on at least one of the following bases: race, color, religion, sex, disability, familial status, and national origin. Failure to complete the activities set forth in the contract with the City may result in the termination of the grant agreement and/or negatively impact FHC's ability to receive CDBG funding the next grant year.

20. In accordance with the CDBG contract, the FHC conducts investigations at residential properties throughout the City and County of Riverside. Sometimes these tests are conducted in response to a complaint or when the FHC, on its own, discovers evidence that indicates an unlawful preference for certain groups of individuals.

21. The additional investigation, time, and resources spent at the subject properties the FHC would not have otherwise spent inflicted an "injury in fact" on the FHC. The FHC was forced to divert scarce resources from other activities not funded

COMPLAINT
- 5 -

under the CDBG grant and pay expenses out-of-pocket for the additional investigations and outreach to redress the discrimination and its impact on the community. These resources came from areas committed to investigating other forms of discrimination and conducting outreach and education unrelated to redressing defendants' discrimination. Due to defendants' discriminatory acts, the FHC diverted resources away from opening an office in Murrietta to set up and conduct presentations and workshops with residents in that area. Moreover, the additional investigation that the FHC conducted constituted lost opportunities under the CDBG contract to investigate other properties and other forms of discrimination in the County of Riverside.

22. Furthermore, the FHC's mission was frustrated when it was forced to undertake additional targeted outreach and education to counteract the impact of housing discrimination on the local housing market. As described in Section V below, because the FHC suffers an "injury in fact" when it uncovers housing discrimination, it is an "aggrieved party" and has standing to sue under the FHA.

### E.  FHC's Investigation

23. The FHC received a complaint that Defendants refused to permit children to be outside in common areas at a rental property located in the City of Palm Springs, County of Riverside. The FHC investigated the complaint by visiting the subject properties and speaking to former employees and tenants and conducting outreach and education at subject properties as well as surrounding properties and by conducting surveys to determine if discrimination on the basis of familial status was occurring at the property.

### V.  INJURY

24. As a result of Defendants' housing discrimination, Plaintiff FHC has suffered and will continue to suffer injury, including the frustration of its mission to achieve equal housing opportunities for all and the diversion of its resources to identify and counteract Defendants' unlawful discriminatory practices. Specifically, the FHC was required to divert its scarce resources from its other fair housing obligations. Based

on its mission to actively promote fair housing, the FHC could not ignore the discriminatory results of the initial test.  The FHC was, therefore, forced to perform eleven additional tests to identify Defendants' pattern or practice of race discrimination and conduct an educational workshop.  These activities depleted resources from other obligations such as investigating other allegations of discrimination and outreach and education.  Due to Defendants' discriminatory acts, the FHC diverted resources away from necessary goals.  The FHC intended to open new walk-in locations to provide education and outreach for fair housing rights in Murrietta, Indio and Mecca.  FHC was unable to open these new locations because the staff time and money needed to complete the projects was necessarily diverted to investigate the claims which give rise to this Complaint.

25. Furthermore, Defendants' housing discrimination frustrated the FHC's mission to eliminate housing discrimination and actively promote fair housing in the City and County of Riverside.  Defendants' discrimination required the FHC to redress the effects of the discrimination on the community surrounding the subject property, including but not limited to, distributing flyers containing information about civil rights in housing and conducting workshops regarding fair housing rights.

26. Defendants' discriminatory housing practices also deprived Plaintiff FHC, its agents and employees of the statutory right to truthful information about the availability of housing because of race.  The FHC brings this case on its own and as a representative of its agents and employees whose right to truthful information about the availability of housing was undermined.  Accordingly, FHC is an "aggrieved party" within the meaning of 42 U.S.C. §3602(i) and Cal. Gov't Code §12927(g), and seeks monetary, declaratory, and injunctive relief for housing discrimination by and through this action.

27. Defendants' unlawful rental practices, as described above, were wanton, willful, malicious, fraudulent, and/or oppressive; were intended to cause injury; and/or

were done in conscious, callous, reckless, or deliberate disregard for the Plaintiff's federally protected rights. Thus, Plaintiff is entitled to punitive damages.

28. An actual case or controversy exists between the parties regarding Defendants' duties under federal and state fair housing laws. Accordingly, Plaintiff is entitled to declaratory relief.

29. Unless enjoined, Defendants will continue to engage in unlawful discrimination, and the pattern or practice of discrimination described above. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

## VI. CLAIMS FOR RELIEF

### First Claim - Fair Housing Amendments Act

30. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 34 above.

31. Defendants, by and through a pattern or practice of purposeful discrimination on the basis of familial status, has violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHAA"), in that Defendant has injured Plaintiffs by engaging in the following discriminatory housing practices:

    a. Making unavailable or denying a dwelling to a person because of familial status, in violation of 42 U.S.C. §3604(a);

    b. Imposing differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of familial status in violation of 42 U.S.C. § 3604(b); and

    c. Otherwise making unavailable or denying a dwelling to any person because of familial status in violation of 42 U.S.C. § 3604(a).

32. As a direct and proximate result of the acts and omissions herein alleged, Tenant Plaintiffs suffered, and continue to suffer physical and emotional injury including emotional distress, sleeplessness, anxiety, and nervousness, as well as other injuries. Plaintiff FHC suffered, and continues to suffer, diversion of resources and frustration of mission.

33. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

### Second Claim – California Fair Employment and Housing Act

34. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 38 above.

35. Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.,* ("FEHA"), by engaging in the following discriminatory housing practices:

    a. Discriminating against individuals on the basis of familial status in violation of Cal. Gov't Code § 12955(a);

    b. Otherwise making unavailable or denying a dwelling to any person because of familial status in violation of Cal. Gov't Code §12955(k);

    c. Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of Cal. Gov't Code § 12955(g); and

    d. Implementing and enforcing a policy or practice that has a discriminatory effect on families with children in violation of Cal. Gov't Code § 12955.8.

36. As a direct and proximate result of the aforementioned acts, Tenant Plaintiffs suffered, and continue to suffer physical and emotional injury including emotional distress, sleeplessness, anxiety, and nervousness, as well as other injuries. Plaintiff FHC suffered, and continues to suffer, diversion of resources and frustration of mission.

37. Pursuant to Cal. Gov't Code § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

### Third Claim – Unfair Business Practices Act

38. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 42 above.

39. In acting as herein alleged, Defendants have failed to comply with the FHAA and the FEHA. Accordingly, Defendants have engaged in acts of unfair competition as proscribed by Cal. Bus. & Prof. Code § 17200 *et seq.*

40. Plaintiffs and the general public have suffered, and continue to suffer, irreparable harm due to the discriminatory practices of Defendants, and their continuing and conscious disregard of the fair housing rights of families with children.

41. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek to enjoin Defendant from its continuing commission of the acts alleged above, which if not enjoined will continue to irreparably harm Plaintiffs and the citizens of the State of California, harm for which there is no plain, speedy, or adequate remedy at law.

## **Fourth Claim - Negligence**

42. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 50 above.

43. Defendants owed, and continue to owe Plaintiffs a non-delegable duty to operate the subject property in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by engaging in a pattern or practice of discrimination on the basis of familial status as herein alleged.

44. Defendants' negligence includes but is not limited to:
   a. Defendants' negligent failure to supervise itself regarding compliance with the requirements of federal and state fair housing laws; and
   b. Defendants' negligent failure to supervise agents and employees regarding compliance with the requirements of federal and state fair housing laws; and

   c. Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

45. As a result of Defendants' negligence, Plaintiffs have suffered, and continue to suffer injury.

## VII. PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*

2. Enjoin Defendants from discriminating on the basis of familial status.

3. Order Defendants to engage in comprehensive fair housing training.

4. Order Defendants to submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

5. Award compensatory damages to Plaintiffs.

6. Award punitive damages to Plaintiffs.

7. Award any other such damages as may be allowed by federal and state law.

8. Award Plaintiffs their reasonable attorneys' fees and costs.

9. Additional and further relief which the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

Dated: October 13, 2015     Respectfully Submitted,

              /s/ Margaret Elder
              MARGARET ELDER
              Attorney for Plaintiffs